# E-filing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JEROME GREEN, | ) | |
| | ) | |
| PLAINTIFF, | ) | CV 08    1492 |
| | ) | |
| v. | ) | CIVIL ACTION NO._____ |
| | ) | |
| PFIZER, INC., | ) | CRB |
| | ) | |
| DEFENDANT. | ) | |

## COMPLAINT

## PLAINTIFF DEMANDS TRIAL BY JURY

**COMES NOW**, the Plaintiff, Jerome "Jerry" Green, by and through his undersigned counsel and alleges personal injuries arising out of his use of the prescription drug BEXTRA®, and therefore, seeks to prosecute all claims against defendant, PFIZER, INC.:

### I.

1.    This is an action for damages suffered by Plaintiff as a direct and proximate result of Defendant's wrongful conduct including, but not limited to the design, manufacture, distribution, testing, labeling, failure to warn of harmful side effects, warranting, and sale of the prescription drug BEXTRA®.

### II.

### PARTIES

2.    Plaintiff, Jerome "Jerry" Green, is a person of the full age of majority and a resident of

South Carolina.

3.     Defendant, Pfizer, Inc., a Delaware corporation, authorized to do and doing business in the State of South Carolina, with its principal place of business in New York has committed a tort within the State of South Carolina and may be served with process of this Court in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## III.

## JURISDICTION AND VENUE

4.     This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds $75,000 exclusive of interest and costs and because this action is brought by an individual who is a citizen of a state different than that of the Defendant.

5.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## IV.

## FACTUAL ALLEGATIONS

6.     Pfizer, Inc. is in the business of designing, manufacturing, marketing, developing, testing, labeling, promoting, distributing, warranting and selling its product, BEXTRA®. Pfizer, Inc., at all times relevant hereto, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted and sold BEXTRA® in South Carolina.

7.     Plaintiff ingested BEXTRA® as prescribed and as a result thereof, suffered a stroke and later a heart attack.

8.     At all times relevant herein, Plaintiff was unaware of the serious side effects and dangerous properties of the drug as set forth herein.

2

9.    The product in question was designed, formulated, patented, marketed, sold, tested, warranted, and ultimately distributed by the Defendant as BEXTRA®.

10.    BEXTRA® is in a class of drugs called non-steroidal anti-inflammatory drugs ("NSAIDs") with selective cyclooxygenase 2 inhibitory properties (COX-2 Inhibitor). It was approved by the Food and Drug Administration on November 16, 2001, for the treatment and management of symptoms of osteoarthritis and rheumatoid arthritis in adults and painful menstrual cycles.

11.    On April 7, 2005, Pfizer, Inc., removed BEXTRA ® from the market after scientific studies documenting greater than triple the risk of heart attacks, strokes and death in connection with the use of BEXTRA®. .

12.    Defendant materially breached its obligations to consumers, such as the Plaintiff, including but not limited to its design, testing, manufacture, design, warning, marketing, warranting and sale of BEXTRA®.

13.    Defendant expressly and/or impliedly warranted to the market, including the Plaintiff, by and through statements made by Defendant or its authorized agents or sales representatives, orally and in publications, package inserts and other written materials to the health care community, that BEXTRA® was safe, effective, fit and proper for its intended use.

14.    Defendant was aware of the substantial risks from taking BEXTRA® but failed to fully disclose same.

15.    Defendant failed to meet the applicable standards of care which were intended for the benefit of individual consumers such as the Plaintiff, making the Defendant liable for the Plaintiff's injuries.

3

**V.**

**FIRST CAUSE OF ACTION**
**STRICT PRODUCTS LIABILITY**

16.    Plaintiff adopts and re-alleges Paragraphs 1-15 above as if fully set forth herein.

17.    BEXTRA® was defective and unreasonably dangerous when it left the control of the
Defendant in that:

    (a)    The risk associated with the use of BEXTRA® far outweighed the utility derived
from using such medications;

    (b)    Defendant failed to provide adequate warnings regarding the hazards associated
with the use of BEXTRA®;

    (c)    BEXTRA® was defectively designed and unreasonably dangerous in design and
composition in that other medications could achieve similar results without the
risks presented by BEXTRA®; and

    (d)    Defendant's BEXTRA® failed to comply with express and/or implied
warranty(ies) that its products were safe and effective products for human
consumption, upon which the Plaintiff justifiably relied in electing to consume
BEXTRA®.

18.    Defendant was in the business of designing, developing, manufacturing, marketing,
distributing, testing, warranting and/or selling BEXTRA®.

19.    Plaintiff further alleges that Defendant sold and/or distributed BEXTRA® in a condition
that posed unreasonable risks from reasonably anticipated use. Plaintiff avers that the
aforementioned product expected to and did reach the consumer, Plaintiff, without
substantial change in condition from the time that it left the control of Defendant.

4

20.   The defective condition(s) alleged herein rendered BEXTRA® unreasonably dangerous to Plaintiff and proximately caused the injuries and damages for which recovery is sought.

21.   The risks associated with the use of BEXTRA® far outweighed its usefulness or desirability, and there existed a feasible design alternative that would have prevented the harm suffered by the Plaintiff without compromising its usefulness.

22.   Defendant knew, or in light of reasonably available knowledge should have known, of the danger in its product that caused the damage for which recovery is sought. The ordinary user or consumer of BEXTRA® would not realize such dangers.

23.   In using BEXTRA®, the Plaintiff relied on the knowledge, skill, judgment, representations, and express and/or implied warranties of the Defendant. Had the Plaintiff known of the actual dangers associated with the use of BEXTRA®, he would not have consumed it.

24.   Defendant neglected to provide Plaintiff warnings that reasonably could have been expected to catch the attention of a reasonably prudent person under similar circumstances taking into account the characteristics of, and the ordinary knowledge common to an ordinary consumer who purchases the product.  Further, Defendant failed to provide warnings which accurately advise an ordinary consumer of the scope, severity and likelihood of serious injury resulting from use of BEXTRA®. Had such warnings been provided, the injuries and damages sustained by Plaintiff could have been avoided.

25.   Defendant failed to provide warnings which accurately advised an ordinary physician or other licensed professional who prescribes the drug of the scope, severity and likelihood of serious injury resulting from use of BEXTRA®.

5

26.     Plaintiff contends that BEXTRA® failed to function as expected, and there existed feasible design alternatives equally as effective and useful that would have had a reasonable probability of preventing the harms sustained by Plaintiff.

27.     Defendant is liable to Plaintiff for the damages complained of herein for the respective designing, developing, manufacturing, marketing, distributing, testing, warranting, and/or selling of BEXTRA®.

## DAMAGES

28.     Plaintiff adopts and re-alleges Paragraphs 1-27 above as if fully set forth herein.

29.     As a result of Defendant's acts, omissions and/or misconduct, Plaintiff has suffered compensatory damages, which include, but are not limited to, the following, and are entitled to recover damages in an amount found to be reasonable at the trial of this matter:

(a)     Severe and permanent physical and mental injuries and associated disabilities;

(b)     Severe past and future pain and suffering and mental anguish occasioned by the resulting injuries;

(c)     Loss of enjoyment of life;

(d)     Increased risk of health problems;

(e)     Loss of past and future income;

(f)     Past and future medical, rehabilitation, and life care expenses;

(g)     Mental anguish and emotional trauma;

(h)     Continued medical monitoring;

(i)     Any and all other damages to be shown at trial.

30.     Defendant is liable to complainant under the theories of products liability, punitive damages and reasonable attorneys' fees where applicable.

6

WHEREFORE, Plaintiff demands a trial by jury, and prays for judgment against the

Defendant for all general and special damages in an amount in excess of $75,000.00 and for

punitive damages, for costs of this action and for attorney fees and expenses of litigation.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in this case as to such issues so triable.

February 17, 2008                    By:    _____

Daniel E. Becnel, Jr. (La Bar #2926)
Matthew B. Moreland (La Bar # 24567)
Becnel Law Firm, LLC
P.O. Drawer H
106 W. 7th Street
Reserve, LA 70084
985-536-1186
985-536-6445
Dbecnel@becnellaw.com
mmoreland@becnellaw.com


J. Preston Strom, South Carolina Fed. Id. 4354
petestrom@stromlaw.com
John R. Alphin, South Carolina Fed. Id. 9923
jalphin@stromlaw.com
STROM LAW FIRM, L.L.C.
2110 Beltline Blvd., Suite A
Columbia, SC 29204
Telephone:    (803) 252-4800
Facsimile:    (803) 252-4801

7

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Jerome Green | Pfizer, Inc. |

| (b) County of Residence of First Listed Plaintiff<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|
| (c) Attorney's (Firm Name, Address, and Telephone Number)<br><br>Becnel Law Firm, LLC<br>P.O. Drawer H<br>Reserve, LA 70084 | Attorneys (If Known) |

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury | **PERSONAL INJURY**<br>[ ] 362 Personal Injury—Med. Malpractice<br>[X] 365 Personal Injury — Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 610 Agriculture<br>[ ] 620 Other Food & Drug<br>[ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 630 Liquor Laws<br>[ ] 640 R.R. & Truck<br>[ ] 650 Airline Regs.<br>[ ] 660 Occupational Safety/Health<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 840 Trademark | [ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit<br>[ ] 490 Cable/Sat TV<br>[ ] 810 Selective Service<br>[ ] 850 Securities/Commodities/Exchange<br>[ ] 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR**<br>[ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Mgmt. Relations<br>[ ] 730 Labor/Mgmt.Reporting & Disclosure Act<br>[ ] 740 Railway Labor Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Empl. Ret. Inc. Security Act | **SOCIAL SECURITY**<br>[ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 892 Economic Stabilization Act<br>[ ] 893 Environmental Matters<br>[ ] 894 Energy Allocation Act<br>[ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/Accommodations<br>[ ] 444 Welfare<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition | **IMMIGRATION**<br>[ ] 462 Naturalization Application<br>[ ] 463 Habeas Corpus – Alien Detainee<br>[ ] 465 Other Immigration Actions | **FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ] 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 another district (specify) Transferred from
- [X] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE". MDL 1699 before Judge Brier

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[ ] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE  3/17/08                SIGNATURE OF ATTORNEY OF RECORD

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.    (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.    Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**        Example:        U.S. Civil Statute: 47 USC 553
                                          Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.
**Date and Attorney Signature.** Date and sign the civil cover sheet.