1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendant
14  PFIZER INC.

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18  IN RE BEXTRA AND CELEBREX MARKETING, )   MDL Docket No. 1699
    SALES PRACTICES AND PRODUCTS          )
19  LIABILITY LITIGATION                  )   CASE NO 3:08-cv-1492-CRB
                                          )
20  This document relates to             )
                                          )   **PFIZER INC.'S ANSWER TO**
21  JEROME GREEN,                         )   **COMPLAINT**
                                          )
22         Plaintiff,                     )   **JURY DEMAND ENDORSED**
                                          )   **HEREIN**
23         vs.                            )
                                          )
24  PFIZER, INC.,                         )
                                          )
25         Defendant.                     )
                                          )

26         NOW COMES Defendant Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

27  "Pfizer, Inc.") ("Pfizer" or "Defendant") and files this Answer to Plaintiff's Complaint

28  ("Complaint"), and would respectfully show the Court as follows:

-1-

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

# I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendant may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Bextra®.

# II.

## ORIGINAL ANSWER

1.    Defendant admits that Plaintiff brought this civil action seeking monetary damages, but denies that Plaintiff is entitled to any relief or damages. Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendant admits that it provided FDA-approved prescribing information regarding Bextra®. Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Parties

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age and citizenship, and, therefore, denies the same. Defendant denies the remaining allegations in this paragraph of the Complaint.

3.    Defendant admits that it is a Delaware corporation with its principal place of business in New York. Defendant admits that it is registered to do and does business in South Carolina. Defendant admits that it may be served through its registered agent. Defendant denies any

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    wrongful conduct, denies having committed a tort in the State of South Carolina, and denies the

2    remaining allegations in this paragraph of the Complaint.

3    <u>**Response to Allegations Regarding Jurisdiction and Venue**</u>

4    4.    Defendant is without knowledge or information sufficient to form a belief as to the truth

5    of the allegations in this paragraph of the Complaint regarding Plaintiff's citizenship and the

6    amount in controversy, and, therefore, denies the same.    However, Defendant admits that

7    Plaintiff claims that the parties are diverse and that the amount in controversy exceeds $75,000,

8    exclusive of interests and costs.    Defendant denies the remaining allegations in this paragraph

9    of the Complaint.

10    5.    Defendant is without knowledge or information sufficient to form a belief as to the truth

11    of the allegations regarding the judicial district in which the asserted claims allegedly arose,

12    and, therefore, denies the same.    Defendant denies any wrongful conduct and denies the

13    remaining allegations in this paragraph of the Complaint.

14    <u>**Response to Factual Allegations**</u>

15    6.    Defendant admits that, during certain periods of time, it marketed and co-promoted

16    Bextra® in the United States, including South Carolina, to be prescribed by healthcare

17    providers who are by law authorized to prescribe drugs in accordance with their approval by the

18    FDA.    Defendant admits that it provided FDA-approved prescribing information regarding

19    Bextra®.    Defendant denies the remaining allegations in this paragraph of the Complaint.

20    7.    Defendant is without knowledge or information sufficient to form a belief as to the truth

21    of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

22    and, therefore, denies the same.    Defendant states that Bextra® was and is safe and effective

23    when used in accordance with its FDA-approved prescribing information.    Defendant states that

24    the potential effects of Bextra® were and are adequately described in its FDA-approved

25    prescribing information, which was at all times adequate and comported with applicable

26    standards of care and law.    Defendant denies that Bextra® caused Plaintiff injury or damages

27    and denies the remaining allegations in this paragraph of the Complaint.

28    8.    Defendant states that Bextra® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    with its FDA-approved prescribing information.  Defendant states that the potential effects of

2    Bextra® were and are adequately described in its FDA-approved prescribing information,

3    which was at all times adequate and comported with applicable standards of care and law.

4    Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

5    of the Complaint.

6    9.    Defendant admits that, during certain periods of time, it marketed and co-promoted

7    Bextra® in the United States to be prescribed by healthcare providers who are by law

8    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits

9    that it provided FDA-approved prescribing information regarding Bextra®.  Defendant denies

10   the remaining allegations in this paragraph of the Complaint.

11   10.   Defendant admits that Bextra® is in a class of drugs that is, at times, referred to as non-

12   steroidal anti-inflammatory drugs ("NSAIDs").  Defendant states that, as stated in the FDA-

13   approved labeling for Bextra®, "[t]he mechanism of action is believed to be due to inhibition of

14   prostaglandin synthesis primarily through inhibition of cyclooxygenase-2 (COX-2).    At

15   therapeutic plasma concentrations in humans valdecoxib does not inhibit cyclooxygenase-1

16   (COX-1)."  Defendant admits that Bextra® was approved by the FDA, on November 16, 2001.

17   Defendant admits, as indicated in the package insert approved by the FDA, that Bextra® is

18   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

19   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendant denies the remaining

20   allegations in this paragraph of the Complaint.

21   11.   Defendant admits that the sale of Bextra® was voluntarily suspended in the U.S.

22   market as of April 7, 2005.  Defendant denies any wrongful conduct and denies the remaining

23   allegations in this paragraph of the Complaint.

24   12.   Defendant is without knowledge or information sufficient to form a belief as to the truth

25   of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

26   and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

27   when used in accordance with its FDA-approved prescribing information.  Defendant states that

28   the potential effects of Bextra® were and are adequately described in its FDA-approved

1   prescribing information, which was at all times adequate and comported with applicable

2   standards of care and law.  Defendant denies any wrongful conduct and denies the remaining

3   allegations in this paragraph of the Complaint.

4   13.     Defendant admits that it provided FDA-approved prescribing information regarding

5   Bextra®.  Defendant states that Bextra® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendant states that the potential effects of

7   Bextra® were and are adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendant denies the remaining allegations in this paragraph of the Complaint.

10  14.     Defendant states that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendant states that the potential effects of

12  Bextra® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

15  of the Complaint.

16  15.     Defendant is without knowledge or information sufficient to form a belief as to the truth

17  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

18  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

19  when used in accordance with its FDA-approved prescribing information.  Defendant states that

20  the potential effects of Bextra® were and are adequately described in its FDA-approved

21  prescribing information, which was at all times adequate and comported with applicable

22  standards of care and law.  Defendant denies any wrongful conduct denies that Bextra® caused

23  Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the

24  Complaint.

25  **Response to First Cause of Action: Strict Products Liability**

26  16.     Defendant incorporates by reference its responses to each paragraph of Plaintiff's

27  Complaint as if fully set forth herein.

28  17.     Defendant is without knowledge or information sufficient to form a belief as to the truth

*Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111*

-5-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

18.    Defendant admits that, during certain periods of time, it marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendant admits that it provided FDA-approved prescribing information regarding Bextra®.  Defendant denies the remaining allegations in this paragraph of the Complaint.

19.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®, and, therefore, denies the same.  Defendant states that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale.  Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is unreasonably dangerous, and denies the remaining allegations in this paragraph of the Complaint.

20.    Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendant denies any wrongful conduct, denies that Bextra® is defective or unreasonably

1  dangerous, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining

2  allegations in this paragraph of the Complaint.

3  21.    Defendant states that Bextra® was and is safe and effective when used in accordance

4  with its FDA-approved prescribing information.  Defendant states that the potential effects of

5  Bextra® were and are adequately described in its FDA-approved prescribing information,

6  which was at all times adequate and comported with applicable standards of care and law.

7  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

8  damages, and denies the remaining allegations in this paragraph of the Complaint.

9  22.    Defendant states that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendant states that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph

14  of the Complaint.

15  23.    Defendant is without knowledge or information sufficient to form a belief as to the truth

16  of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Bextra®,

17  and, therefore, denies the same.  Defendant states that Bextra® was and is safe and effective

18  when used in accordance with its FDA-approved prescribing information.  Defendant states that

19  the potential effects of Bextra® were and are adequately described in its FDA-approved

20  prescribing information, which was at all times adequate and comported with applicable

21  standards of care and law.  Defendant denies any wrongful and denies the remaining allegations

22  in this paragraph of the Complaint.

23  24.    Defendant states that Bextra® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information.  Defendant states that the potential effects of

25  Bextra® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or

28  damages, and denies the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

25.      Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct and denies the remaining allegations in this paragraph of the Complaint.

26.      Defendant states that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendant states that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

27.      Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### Response to Allegations Regarding Damages

28.      Defendant incorporates by reference its responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

29.      Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint, including all subparts.

30.      Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

31.      Answering the unnumbered paragraph following Paragraph 30 of the Complaint, Defendant denies any wrongful conduct, denies that Bextra® caused Plaintiff injury or damages, and denies the remaining allegations in this paragraph of the Complaint.

### III.

### GENERAL DENIAL

Defendant denies the allegations and/or legal conclusions set forth in Plaintiff's Complaint that

have not been previously admitted, denied, or explained.

**IV.**

**AFFIRMATIVE DEFENSES**

Defendant reserves the right to rely upon any of the following or additional defenses to claims asserted by Plaintiff to the extent that such defenses are supported by information developed through discovery or evidence at trial.  Defendant affirmatively shows that:

**First Defense**

1.      The Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

2.      Bextra® is a prescription medical product.  The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendant's labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiff's causes of action against Defendant, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

**Third Defense**

3.      At all relevant times, Defendant provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

**Fourth Defense**

4.      At all relevant times, Defendant's warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

**Fifth Defense**

5.      Plaintiff's action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pleaded in full bar of any liability as to Defendant.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixth Defense**

6.    Plaintiff's action is barred by the statute of repose.

**Seventh Defense**

7.    Plaintiff's claims against Defendant are barred to the extent Plaintiff was contributorily negligent, actively negligent or otherwise failed to mitigate Plaintiff's damages, and any recovery by Plaintiff should be diminished accordingly.

**Eighth Defense**

8.    The proximate cause of the loss complained of by Plaintiff is not due to any acts or omissions on the part of Defendant.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendant and for whose acts or omissions Defendant is not liable in any way.

**Ninth Defense**

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendant cannot be liable.

**Tenth Defense**

10.    Any injuries or expenses incurred by Plaintiff were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Eleventh Defense**

11.    Defendant affirmatively denies that it violated any duty owed to Plaintiff.

**Twelfth Defense**

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.   Bextra® provided adequate warnings to Plaintiff's treating and prescribing physicians.

**Thirteenth Defense**

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fourteenth Defense**

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

**Fifteenth Defense**

15.    Plaintiff's causes of action are barred, in whole or in part, by the lack of a defect as the Bextra® allegedly ingested by Plaintiff was prepared in accordance with the applicable standard of care.

**Sixteenth Defense**

16.    Plaintiff's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendant and any liability of Defendant is therefore barred.

**Seventeenth Defense**

17.    Plaintiff's alleged injuries/damages were not caused by any failure to warn on the part of Defendant.

**Eighteenth Defense**

18.    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiff knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiff is barred from recovering against Defendant because Plaintiff's claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiff's claims are barred, in whole or in part, under the applicable state law because the subject pharmaceutical product at issue were subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiff's causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiff's claims are barred, in whole or in part, by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiff's claims are barred, in whole or in part, because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

**Twenty-fifth Defense**

25.     Plaintiff's claims are barred, in whole or in part, because Defendant provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

**Twenty-sixth Defense**

26.     Plaintiff's claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

**Twenty-seventh Defense**

27.     Plaintiff's claims are barred, in whole or in part, because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  Restatement (Third) of Torts: Products Liability, § 6, Comment f.

2  **Twenty-eighth Defense**

3  28.    Plaintiff's claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

4  Products Liability.

5  **Twenty-ninth Defense**

6  29.    To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead

7  facts sufficient under the law to justify an award of punitive damages.

8  **Thirtieth Defense**

9  30.    Defendant affirmatively avers that the imposition of punitive damages in this case

10  would violate Defendant's rights to procedural due process under the Fourteenth Amendment

11  of the United States Constitution and the Constitutions of the States of California and South

12  Carolina, and would additionally violate Defendant's rights to substantive due process under

13  the Fourteenth Amendment of the United States Constitution.

14  **Thirty-first Defense**

15  31.    Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

16  Fourteenth Amendments to the United States Constitution.

17  **Thirty-second Defense**

18  32.    The imposition of punitive damages in this case would violate the First Amendment to

19  the United States Constitution.

20  **Thirty-third Defense**

21  33.    Plaintiff's punitive damage claims are preempted by federal law.

22  **Thirty-fourth Defense**

23  34.    In the event that reliance was placed upon Defendant's nonconformance to an express

24  representation, this action is barred as there was no reliance upon representations, if any, of

25  Defendant.

26  **Thirty-fifth Defense**

27  35.    Plaintiff failed to provide Defendant with timely notice of any alleged nonconformance

28  to any express representation.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Thirty-sixth Defense**

2    36.    To the extent that Plaintiff's claims are based on a theory providing for liability

3    without proof of causation, the claims violate Defendant's rights under the United States

4    Constitution.

5    **Thirty-seventh Defense**

6    37.    Plaintiff's claims are barred, in whole or in part, because the advertisements, if any,

7    and labeling with respect to the subject pharmaceutical product were not false or misleading

8    and, therefore, constitute protected commercial speech under the applicable provisions of the

9    United States Constitution.

10    **Thirty-eighth Defense**

11    38.    To the extent that Plaintiff seeks punitive damages for the conduct which allegedly

12    caused injuries asserted in the Complaint, punitive damages are barred or reduced by

13    applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the

14    due process protections afforded by the United States Constitution, the excessive fines clause

15    of the Eighth Amendment of the United States Constitution, the Commerce Clause of the

16    United States Constitution, and the Full Faith and Credit Clause of the United States

17    Constitution, and applicable provisions of the Constitutions of the States of South Carolina

18    and California.  Any law, statute, or other authority purporting to permit the recovery of

19    punitive damages in this case is unconstitutional, facially and as applied, to the extent that,

20    without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the

21    jury's discretion in determining whether to award punitive damages and/or the amount, if any;

22    (2) is void for vagueness in that it failed to provide adequate advance notice as to what

23    conduct will result in punitive damages; (3)  permits recovery of punitive damages based on

24    out-of-state conduct, conduct that complied with applicable law, or conduct that was not

25    directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive

26    damages in an amount that is not both reasonable and proportionate to the amount of harm, if

27    any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury

28    consideration of net worth or other financial information relating to Defendant; (6) lacks

constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.     The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package inserts and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.     The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

### Forty-first Defense

41.     If Plaintiff sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendant and over whom Defendant had no control and for whom Defendant may not be held accountable.

### Forty-second Defense

42.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® was not unreasonably dangerous or defective, was suitable for the purpose for which it was intended, and was distributed with adequate and sufficient warnings.

### Forty-third Defense

43.     Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    waiver, and/or estoppel.

2    <center>**Forty-fourth Defense**</center>

3    44.    Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the

4    pre-existing and/or unrelated medical, genetic, and/or environmental conditions, diseases, or

5    illnesses, subsequent medical conditions, or natural courses of conditions of Plaintiff, and

6    were independent of or far removed from Defendant's conduct.

7    <center>**Forty-fifth Defense**</center>

8    45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

9    did not proximately cause injuries or damages to Plaintiff.

10    <center>**Forty-sixth Defense**</center>

11    46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff

12    did not incur any ascertainable loss as a result of Defendant's conduct.

13    <center>**Forty-seventh Defense**</center>

14    47.    The claims asserted in the Complaint are barred, in whole or in part, because the

15    manufacturing, labeling, packaging, and any advertising of the product complied with the

16    applicable codes, standards and regulations established, adopted, promulgated or approved by

17    any applicable regulatory body, including but not limited to the United States, any state, and

18    any agency thereof.

19    <center>**Forty-eighth Defense**</center>

20    48.    The claims must be dismissed because Plaintiff would have taken Bextra® even if the

21    product labeling contained the information that Plaintiff contends should have been provided.

22    <center>**Forty-ninth Defense**</center>

23    49.    The claims asserted in the Complaint are barred because the utility of Bextra®

24    outweighed its risks.

25    <center>**Fiftieth Defense**</center>

26    50.    Plaintiff's damages, if any, are barred or limited by the payments received from

27    collateral sources.

28

**Gordon & Rees, LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

**Fifty-first Defense**

2    51.    Defendant's liability, if any, can only be determined after the percentages of

3    responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

4    any, are determined.    Defendant seeks an adjudication of the percentage of fault of the

5    claimants and each and every other person whose fault could have contributed to the alleged

6    injuries and damages, if any, of Plaintiff.

7

**Fifty-second Defense**

8    52.    Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that

9    the common law gives deference to discretionary actions by the United States Food and Drug

10    Administration under the Federal Food, Drug, and Cosmetic Act.

11

**Fifty-third Defense**

12    53.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

13    is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

14    ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiff's

15    claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

16    FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

17    and with the specific determinations by FDA specifying the language that should be used in

18    the labeling accompanying Bextra.    Accordingly, Plaintiff's claims are preempted by the

19    Supremacy Clause of the United States Constitution, Art. VI, cl. 2, and the laws of the United

20    States.

21

**Fifty-fourth Defense**

22    54.    Plaintiff's misrepresentation allegations are not stated with the degree of particularity

23    required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

24

**Fifty-fifth Defense**

25    55.    Defendant states on information and belief that the Complaint and each purported

26    cause of action contained therein is barred by the statutes of limitations contained in California

27    Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of

28    limitation as may apply.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Fifty-sixth Defense

56.    Defendant states on information and belief that any injuries, losses, or damages suffered by Plaintiff were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendant.  Therefore, Plaintiff's recovery against Defendant, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiff seeks punitive damages for an alleged act or omission of Defendant, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.  Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Plaintiff's claims are barred, in whole or in part, pursuant to South Carolina Code Ann. § 15-3-20.

### Fifty-ninth Defense

59.    Defendant reserves the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiff's claims.

### IV.

### PRAYER

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing from Defendant by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendant be awarded its costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiff's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendant in favor of Plaintiff be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiff's damages; and

6.      That Defendant has such other and further relief as the Court deems appropriate.

July 29, 2008                                    GORDON & REES LLP


                                                By: _____/s/_____
                                                    Stuart M. Gordon
                                                    sgordon@gordonrees.com
                                                    Embarcadero Center West
                                                    275 Battery Street, 20th Floor
                                                    San Francisco, CA  94111
                                                    Telephone:  (415) 986-5900
                                                    Fax:  (415) 986-8054

July 29, 2008                                    TUCKER ELLIS & WEST LLP


                                                By: _____/s/_____
                                                    Michael C. Zellers
                                                    michael.zellers@tuckerellis.com
                                                    515 South Flower Street, Suite 4200
                                                    Los Angeles, CA 90071-2223
                                                    Telephone:  (213) 430-3400
                                                    Fax:  (213) 430-3409

                                                    Attorneys for Defendant
                                                    PFIZER INC.

Gordon & Rees,LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon & Rees,L.L.P.**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

## JURY DEMAND

Defendant Pfizer Inc. hereby demands a trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil Procedure.

July 29, 2008                                GORDON & REES LLP


                                             By: _____/s/_____
                                                 Stuart M. Gordon
                                                 sgordon@gordonrees.com
                                                 Embarcadero Center West
                                                 275 Battery Street, 20th Floor
                                                 San Francisco, CA  94111
                                                 Telephone:  (415) 986-5900
                                                 Fax:  (415) 986-8054

July 29, 2008                                TUCKER ELLIS & WEST LLP


                                             By:_____/s/_____
                                                 Michael C. Zellers
                                                 michael.zellers@tuckerellis.com
                                                 515 South Flower Street, Suite 4200
                                                 Los Angeles, CA 90071-2223
                                                 Telephone:  (213) 430-3400
                                                 Fax:  (213) 430-3409

                                                 Attorneys for Defendant
                                                 PFIZER INC.